UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILUSTRATA SERVICOS DESIGN, LTDA., <br><br> Plaintiff, <br><br> v. <br><br> PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10, <br><br> Defendants. | Case No. 1:23-cv-04824 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Ilustrata Servicos Design, LTDA. ("Ilustrata") brings this Complaint against Defendants PDD Holdings, Inc. ("PDD"), WhaleCo, Inc. ("WhaleCo") (collectively "Temu") and various unknown Doe Defendants (Temu with Does 1-10 are referred to as "Defendants") seeking injunctive relief and damages. Ilustrata alleges as follows:

## NATURE OF THE CASE

1. Temu is a billion-dollar online retailer that shamelessly steals intellectual property from working artists, including some of the most well-known contemporary artists in the world.

2. While Temu's larger business practices (including its conduct surrounding consumer data privacy violations and labor practices) have been repeatedly called into question, this lawsuit concerns Temu's pattern of intentional theft of intellectual property, and specifically the copyrighted artwork belonging to Plaintiff Ilustrata.

3. Ilustrata is a Brazilian Design Studio that is the author of the original work entitled "The Broccozilla" (the "Work").

4. Ilustrata's Work is registered with the United States Copyright Office with Registration Number VA 2-270-596, a copy of which is attached hereto as **Exhibit A**.

5. Earlier this year, Temu began selling apparel using images of Ilustrata's Work (the "Infringing Products"). A side-by-side comparison of Ilustrata's copyrighted Work and the Infringing Products sold by Temu are depicted below:

| *The Work* | *Temu's Infringing Products* |
|---|---|
|  | |

6. Not surprisingly, Temu orchestrated this art heist without any consent to use Ilustrata's Work in any manner. Accordingly, Temu's sale of the Infringing Products constitutes willful copyright infringement.

7. Ilustrata brings this lawsuit to hold Temu accountable for stealing its intellectual property and trampling on his rights under the Copyright Act, and to recover damages for Temu's willful infringement.

8. Temu's intentional theft of Ilustrata's work should subject it to the maximum damages allowable under the Copyright Act.

**PARTIES**

9. Ilustrata is a private Limited Liability Corporation domiciled in Brazil.

10. Defendant PDD is a Cayman Islands corporation, with a principal place of business at, on information and belief, First Floor, 25 St. Stephen's Green, Dublin 2, D02 XF99, Ireland.

11. On information and belief, PDD operates an e-commerce platform known as Temu. Temu offers goods and services to consumers in the United States and Illinois through its website, temu.com, and corresponding mobile applications.

12. Defendant WhaleCo is a Delaware corporation with a principal place of business at, on information and belief, 31 St. James Avenue, Boston, Massachusetts 02116.

13. On information and belief, WhaleCo is and holds itself out to consumers as an agent of PDD in the United States and Illinois when providing services through Temu. On information and belief, WhaleCo has the actual and apparent authority to act on behalf of PDD.

14. Ilustrata is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, and therefore sues said Defendants by such fictitious names. Ilustrata will amend this Complaint to allege the true names and capacities when their identities have been ascertained.

15. Does 1-10 represent various parents, subsidiaries, affiliates, holding companies, and other affiliated entities whose operations are directly or indirectly controlled by PDD, WhaleCo, and/or their respective and overlapping officers, and directors. On information and belief, Does 1-10 are operated collectively as a single enterprise and act as agents and alter egos of PDD, WhaleCo, and their respective officers and directors.

16. On information and belief, each fictitiously named Defendant is responsible in some manner for the occurrences alleged herein, and Ilustrata's damages as herein alleged were proximately caused by their conduct.

17. On information and belief, each of the Defendants, including PDD, WhaleCo, and Does 1-10, acts as an agent of the other Defendants so as to make them directly, contributorily, and vicariously liable to Ilustrata for copyright infringement as alleged herein.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1337 because the claims arise out of federal questions concerning copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*18.

19. This Court has personal jurisdiction over Temu because, among other reasons, (i) Temu offers for sale and sells its products to consumers in Illinois, through the Temu.com website and mobile app; (ii) Temu purposely directs its business activities toward Illinois residents, through the Temu.com website and mobile application, as well as through social media; (iii) Temu derives substantial revenue from its services in Illinois; (iv) Ilustrata's claims, as set forth below, arise from acts conducted and harm sustained in Illinois; (v) Temu conducts continuous and systematic business within Illinois, which played an integral part in the infringement of Ilustrata's rights and which were directed at residents in this judicial district; and (vi) Temu is committing acts that have wrongfully caused Ilustrata harm in Illinois.

20. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claims occurred in this district including Temu targeting consumers located within this district.

## ILUSTRATA'S WORKS

21. Ilustrata is a private Limited Liability Corporation domiciled in Brazil. Founded in 2013, Ilustrata garnered acclaim for its detailed, retro style of design, mixing illustration styles and graphical elements to create innovative, fresh images. Ilustrata has collaborated with brands across

the country to create illustrations for products including t-shirts, prints, packages, advertisements, and more.

22. Ilustrata's business is based in part on selling and licensing its artwork to collectors and brands.

23. In the past, Ilustrata has licensed the Work to Shein, a well-known apparel brand, in connection with Shein's SHEIN X incubator program for independent artists and designers ("SHEIN X"). SHEIN X allows artists like Ilustrata to have their artwork featured on products sold on Shein's platform, giving these artists global exposure to Shein's vast customer base, while allowing the artists to retain ownership of their work. Ilustrata receives profits of sales of products bearing the Work that are sold through the SHEIN X platform.

24. Ilustrata's works include the Work at issue here, "The Broccozilla" which is registered with the United States Copyright Office with Registration Number VA 2-270-596 (*see* Ex. A) and depicted below:



*The Work*

**TEMU'S UNLAWFUL CONDUCT**

25. Through the Temu.com website and its related mobile application, Temu offers a variety of products for sale, including apparel items.

26. On information and belief, Temu controls the products sold on the Temu.com website and mobile application. Temu may hold itself out as a "marketplace" that allows sellers to sell goods directly to consumers, but any assertion that it maintains an independent or neutral marketplace is simply false.

27. In reality, Temu is a false marketplace. On information and belief, Temu consciously allows sellers using the Temu platform to offer products that infringe on others' intellectual property rights. Temu knows that sellers are offering infringing products on the Temu platform, maintains control over the product images that are and can be offered on the platform, fails to actively police the platform for infringing products, and fails to maintain accurate records regarding repeat infringers.

28. On information and belief, Temu exercises joint or sole discretion over all images that are displayed with product listings on Temu's website and retains and exercises the right to modify those product images.

29. On information and belief, despite being put on notice that many sellers using the Temu platform actively or are very likely to infringe on third-party intellectual property rights, Temu fails to monitor and investigate these sellers to reliably determine whether they have and continue to infringe. Temu's willful blindness and/or active participation in the rampant intellectual property infringement present on the Temu platform is evidence that Temu is a false marketplace.

30. Ilustrata has never granted Temu permission to use the Work, or any property or rights belonging to Ilustrata, in any manner.

31. Nonetheless, Temu has, without Ilustrata's permission or credit to Ilustrata, sold products with graphics identical to the Work on its website and mobile application (the "Infringing Products").

32. The Infringing Products include, but are not limited to, a t-shirt described by Temu as a "Anime Monster Print Loose Graphic T-Shirt," which is a t-shirt apparel item featuring the Work. A screenshot of the Infringing Products as featured on Temu's website is depicted below:



33. Temu's sale of the Infringing Products misleads consumers into believing that these are products authorized by Ilustrata. This could not be further from the truth. Ilustrata has never authorized Temu to use his Work, and Temu never asked Ilustrata for permission to sell products bearing its Work.

34. On information and belief, Temu has earned substantial profits from the sale of the Infringing Products.

35. Ilustrata has been paid nothing for Temu's use of the Work in the Infringing Products, and Ilustrata was not credited on Temu's website for its use of its Work.

36. Temu's use of Ilustrata's Work violates federal law. Temu had access to Ilustrata's Work because the Work was licensed to Shein through the SHEIN X program, and products bearing the Work were lawfully offered for sale on Shein's website at https://us.shein.com.

37. On or about March 29, 2023, a DMCA takedown notice regarding the Work and the Infringing Products was sent pursuant to 17 U.S.C. § 512(c) to the registered DMCA agent for Temu.

38. As of the date of this filing, Temu's website indicates that the Infringing Product has been "discontinued." However, Temu never responded to the takedown notice to confirm that it would cease selling the Infringing Products, or that it would not sell in the Infringing Product in the future.

39. Further, on information and belief, Temu may continue to allow the sale of similar infringing products bearing the Works despite receiving notice of Ilustrata's copyrights. Temu's platform offers a vast number of products and makes it difficult to locate specific products based on image. Given Temu's failure to respond to or acknowledge the DMCA takedown notice, Ilustrata has no assurance whatsoever that Temu is not currently selling other infringing products bearing the Work or that it does not plan to in the future.

40. Temu is engaging in widespread copyright infringement against Ilustrata and many other contemporary artists. Temu's unlawful conduct must be stopped immediately.

41. Ilustrata is a small business that supports itself through the sale of items bearing its designs, like the Work. Temu's unauthorized and illegal copying of Illustrata's Work has flooded the market with fakes, and detrimentally impacted Illustrata's sales and income.

42. Temu needs to be enjoined and held accountable as soon as possible.

## COUNT I
## COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 *ET SEQ.*
### Against All Defendants

43. Ilustrata repeats, realleges, and incorporates the foregoing Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Ilustrata is the exclusive owner of the copyright registrations of the Work "The Broccozilla" (the "Copyright Registration").

45. The Copyright Registration is attached as Exhibit A.

46. Defendants had access to the Work as it was publicly available in connection with duly licensed use in the sale of products through the SHEIN X program.

47. Defendants directly copied and/or materially derived from the Work in connection with creating the Infringing Products.

48. The Infringing Products bear an image that is, at a bare minimum, substantially similar to the Work.

49. In copying the Work, Defendants have violated the copyright laws of the United States under 17. U.S.C. § 101 *et seq.*

50. Defendants' actions have caused, and unless restrained by this Court will continue to cause, substantial and irreparable injury to Ilustrata, including, but not limited to, harm to Ilustrata's goodwill and reputation as well as monetary damages, including loss of sales income.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### Against PDD

51. Plaintiff incorporates and realleges Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

52. On information and belief, PDD is the owner and operator of Temu.com.

53. On information and belief, WhaleCo is and holds itself out to consumers as an agent of PDD in the United States and Illinois when providing services through Temu.

54. On information and belief, WhaleCo has the actual and apparent authority to act on behalf of PDD.

55. On information and belief, PDD retains certain rights as the owner of Temu.com, including control over business practices involving the sale of the Infringing Products.

56. On information and belief, PDD worked with WhaleCo to promote, sell, and distribute the Infringing Products.

57. By their actions as alleged above, both PDD and WhaleCo have infringed and will continue to infringe upon Ilustrata's copyrights in the Works including by, among other things, copying, publicly displaying, and distributing the Infringing Products, which reproduce the Works in order to perpetuate its business model.

58. As alleged herein, Defendants had access to Ilustrata's original artwork and design before Temu commenced their acts of infringement.

59. On information and belief, Defendants' infringement of Ilustrata's copyrights has been deliberate, willful, and in utter disregard of Ilustrata's rights.

60. On information and belief, PDD permitted, encouraged, and allowed WhaleCo to distribute the Infringing Products without regard to copyright ownership.

61. On information and belief, PDD had the obligation and ability to control and stop the infringing activity, yet it failed to do so. Rather, it assisted in the infringement and continue to profit from it.

62. PDD's conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

63. PDD's actions have caused, and unless restrained by this Court will continue to cause, substantial and irreparable injury to Ilustrata, including, but not limited to, harm to Ilustrata's goodwill and reputation as well as monetary damages, including loss of sales income.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT
### Against PDD

64. Plaintiff incorporates and realleges Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

65. On information and belief, PDD collaborated with WhaleCo to promote, sell, and distribute the Infringing Products.

66. On information and belief, PDD received direct financial benefits from the infringement through profits, gains, and advantages by having attracted and secured consumers through Temu's act of infringement.

67. On information and belief, PDD has the right and ability to supervise, control, and/or otherwise restrict the actions of WhaleCo with respect to the sale of products that infringe upon the intellectual property of other artists.

68. On information and belief, PDD has failed to adequately police WhaleCo with respect to engaging in infringing conduct. Rather, PDD has encouraged the distribution of the Infringing Products to its own benefit.

69. On information and belief, PDD is the owner and operator of Temu.com.

70. On information and belief, WhaleCo is and holds itself out to consumers as an agent of PDD in the United States and Illinois when providing services through Temu.

71. On information and belief, WhaleCo has the actual and apparent authority to act on behalf of PDD.

72. On information and belief, PDD retains certain rights as the owner of Temu.com, including control over business practices involving the sale of the Infringing Products.

73. On information and belief, PDD worked with WhaleCo to promote, sell, and distribute the Infringing Products.

74. PDD's conduct constitutes vicarious copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

75. PDD's actions have caused, and unless restrained by this Court will continue to cause, substantial and irreparable injury to Ilustrata, including, but not limited to, harm to Ilustrata's goodwill and reputation as well as monetary damages, including loss of sales income.

## PRAYER FOR RELIEF

WHEREFORE, Ilustrata Servicos Design, LTDA respectfully requests that this Court:

1. Preliminarily and permanently enjoin Defendants, and their respective agents, servants, employees, attorneys, successors, and assigns, and any and all persons or business entities acting in concert or participating with them, or any of their successors or assigns, from directly or indirectly:

    a. Using, in any manner, the Work, or any reproduction, counterfeit, copy, colorable imitation, or part thereof;

b. Selling, in any manner, any product containing or referencing the Work, or any reproduction, counterfeit, copy, colorable imitation, or part thereof;

d. Assisting, aiding, or abetting any other person or business entity with engaging in or performing any of the activities referred to in the above subparagraphs 1.a.– 1.b.

2. Enter judgment in favor of Ilustrata, and against Defendants;

3. Order that Defendants be required to account to Ilustrata for Defendants' revenue from the sale of the Infringing Products;

4. Award Ilustrata actual damages, treble damages, statutory damages, disgorgement of Temu's profits and other ill-gotten gains, attorneys' fees, costs, and interest; and

5. Award any and all further relief that the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Ilustrata Servicos Design, LTDA demands a trial by jury for all issues that are so triable.

Dated: July 25, 2023

Respectfully Submitted,

/s/ Vivek Jayaram

Vivek Jayaram
Elizabeth Austermuehle
Palak V. Patel
JAYARAM PLLC
54 W. 21st Street, Suite 801
New York, NY 10010
T: (312) 212-8676
vivek@jayaramlaw.com
liz@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*